**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20159-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| DERIC A. MALONE, | ) | No. 11-2216-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #36) filed April 15, 2011. For reasons stated below, the Court sets an evidentiary hearing on defendant's claim related to counsel's failure to appeal and otherwise overrules defendant's motion.

**Factual Background**

On December 2, 2009, a grand jury returned an indictment which charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Indictment (Doc. #10). On February 5, 2010, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21). The agreement proposed a sentence of 188 months in prison and three years of supervised release. Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 4, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21).[1] On May 4, 2010, consistent

---

[1] At the plea hearing and in the plea agreement, defendant acknowledged that based on prior convictions, he faced a statutory minimum of 15 years in prison under 18 U.S.C. § 924(e). See Plea Agreement ¶ 1. The parties based the proposed sentence on their estimate that defendant faced a guideline range of 188 to 235 months in prison.

with the recommended sentence in the plea agreement, the Court sentenced defendant to 188 months in prison and three years of supervised release.[2]  Michael L. Harris represented defendant.

Defendant did not appeal, but on April 15, 2011, he filed this motion under 28 U.S.C. § 2255. Liberally construed and as supplemented by his reply, defendant's motion asserts that his conviction should be vacated because counsel was ineffective in that (1) he did not file an appeal after defendant asked him to do so and (2) he did not object to the Court's calculation of a 15-year mandatory minimum prison term under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").[3]

## Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

The government asserts that in the plea agreement, defendant voluntarily waived his right to file a Section 2255 motion.  See Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 And

---

[2] Defendant's total offense level was 30, with a criminal history category V, resulting in a sentencing range of 151 to 188 months in prison.

[3] Defendant has asked to amend his Section 2255 motion.  See Petitioner(s) Request Under Civil Rules Of Procedure Rule 15(c) To Amend His Motion Filed Pursuant To 28 U.S.C. § 2255 (Doc. #43) filed December 2, 2011.  As best the Court can ascertain, defendant does not seek to add a new claim, but merely to supplement his claim that counsel should have objected to the Court's calculation under the ACCA.  The Court will consider the motion to amend as a supplemental brief in support of defendant's original motion, but denies defendant leave to amend to add a new claim.

Motion For Enforcement Of The Plea Agreement (Doc. #39) filed September 2, 2011 at 12-17. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **12.     Waiver of Appeal and Collateral Attack.** If the Court agrees to the proposed plea agreement, the defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal if the Court imposes the sentence requested by the parties. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in

> any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro. 60(b). However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Plea Agreement ¶ 12, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21) filed February 5, 2010.

The waiver specifically preserves "subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Id, Both of defendant's claims related to ineffective assistance are outside the scope of the waiver. Accordingly, the Court overrules the government's request to enforce the waiver of collateral attacks.[4]

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a

---

[4] Defendant repeatedly argues that the Court erred by finding that he was subject to a 15-year mandatory minimum sentence under the ACCA. Such a claim clearly falls within the scope of the waiver. Because defendant knowingly and voluntarily waived his rights and enforcement of the waiver would not result in a miscarriage of justice, defendant's claim that the Court erred in applying the ACCA is barred. See Hahn, 359 F.3d at 1325. In addition, any claim that the Court erred in applying the ACCA is without substantive merit. See Fed. R. Crim. P. 32(i)(3)(A) (absent objection, court may accept undisputed portion of PSIR as finding of fact); United States v. Harris, 447 F.3d 1300, 1306 (10th Cir. 2006) (absent objection, district court properly relied on PSR to conclude that prior crimes were separate); United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (district court properly relied on PSR in absence of any "objection either to the propriety of its source material or to its accuracy"), cert. denied, 547 U.S. 1005 (2006). The Court, however, liberally construes all of defendant's arguments related to application of the ACCA as support for his claim that counsel was ineffective for failing to object to the Court's calculation of the number of convictions under Section 924(e). See Doc. #37 at 13 ("trial counsel failed to properly object to the court's impermissible findings supporting the statutory enhancement increase of Malone's sentence"); Doc. #42 at 5 ("trial counsel should have recognized the current problem being discussed").

"reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

**I.     Claim 1 – Failure To File Appeal As Instructed**

Defendant claims that counsel was ineffective because he did not file an appeal after defendant asked him to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal.[5]  If counsel believes after conscientious examination that an

---

[5]  In his motion, which is verified, defendant sets forth his supporting facts as follows:

In the instant case, petitioner moved trial counsel after sentencing to file a notice of appeal. This request made by petitioner, was based upon petitioner's objection, or attempted objection to the § 924(e) penalty enhancement. When petitioner moved

(continued...)

appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967). To evaluate defendant's claim that Mr. Harris was ineffective because he did not file an appeal, an evidentiary hearing is necessary on the issue whether defendant asked counsel to file an appeal. The Court therefore will hold an evidentiary hearing on this limited issue on **March 6, 2012 at 8:30 a.m.** Because defendant previously qualified for appointed counsel under 18 U.S.C. § 3006A, the Court appoints new counsel to represent defendant at the evidentiary hearing. See Rule 8(c) of the Rules Governing Section 2255 Proceedings. Counsel for the government is directed to secure Mr. Harris' appearance at the hearing.

## II.     Claim 2 – Failure To Object To Three Qualifying Convictions Under ACCA

Defendant claims that counsel was ineffective because he did not object to the Court's calculation of a 15-year mandatory minimum prison term under the ACCA. Section 924(e)(1) provides that a person who has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Defendant argues that counsel should have objected to the Court's determination that he had three qualifying offenses for purposes of the ACCA. Defendant does not contest that his conviction for aggravated assault in 1996 counts as a previous conviction for a violent felony under Section 924(e)(1). See PSIR (Doc. #25) ¶ 37. Defendant argues, however, that the Court erred by not treating his two convictions for distribution of cocaine base in D. Kan. Case No. 01-20055-01-CM as a single offense. See id., ¶ 46.

---

[5](...continued)
counsel as requested to file a notice of appeal, and counsel failed to file the notice, petitioner's Sixth Amendment right to effective assistance of counsel was violated.

Motion Under 28 U.S.C. § 2255 (Doc. #36) at 3.

### A. Prior Convictions As Part Of Same Indictment

Defendant argues that counsel should have objected to the 15-year mandatory minimum under the ACCA because the two prior convictions for a serious drug offense were charged in a single indictment and were part of a single course of conduct. The ACCA only requires that defendant committed the offenses "on occasions different from one another." 18 U.S.C. § 924(e)(1). Two convictions are distinct if they "arise from separate criminal transactions." United States v. Michel, 446 F.3d 1122, 1134 (10th Cir. 2006) (quoting United States v. Tisdale, 921 F.2d 1095, 1098 (10th Cir. 1990)). In particular, multiple offenses must be "distinct in time" to be considered separate convictions under the ACCA. United States v. Riggs, 302 Fed. Appx. 805, 809-10 (10th Cir. 2008) (quoting Tisdale, 921 F.2d at 1098-99). In Tisdale, defendant committed three burglaries on the same day in the same general location. 921 F.2d at 1098. Even so, the Tenth Circuit held that defendant's three convictions were distinct under the ACCA. Id. at 1099 (although defendant entered one shopping mall, he had to physically break and enter three separate structures).

Here, defendant has not shown that counsel had any basis to argue that defendant committed the previous offenses on the same occasion.[6] The PSIR notes that in 1996, defendant committed the crime of burglary and on November 10 and 14, 2000, he committed the crimes of distribution of cocaine base. See PSIR (Doc. #25) ¶ 46. Accordingly, counsel's failure to object was not deficient

---

[6] Defendant cites a number of cases for the proposition that consolidated offenses based upon the same scheme or plan are not counted separately for sentencing purposes. Doc. #37 at 8. These cases address whether prior related offenses constitute a single offense for purposes of calculating criminal history under U.S.S.G. § 4A1.2 and applying the career offender enhancement under U.S.S.G. § 4B1.1. See United States v. Hayes, 532 F.3d 349, 353 (5th Cir. 2008); United States v. Morales, No. 05-51362, 2007 WL 1847134, at *3 (5th Cir. June 26, 2007); United States v. Mohammed, 150 Fed. Appx. 887, 891 (10th Cir. 2005); United States v. Huskey, 137 F.3d 283, 285-88 (5th Cir. 1998); United States v. Alberty, 40 F.3d 1132, 1134-35 (10th Cir. 1994), cert. denied, 514 U.S. 1043 (1995). The cases cited by defendant do not address the counting of offenses under the ACCA.

or prejudicial.[7]  See Riggs, 302 Fed. Appx. at 810 (undisputed findings of PSR show that two prior robbery convictions were separate under ACCA in part because offenses took place on different days); United States v. Hampton, 295 Fed. Appx. 855, 855-56 (8th Cir. 2008) (statute requires only three prior felonies committed on occasions different from one another, whether defendant pled guilty to offenses on same day is immaterial); United States v. Brown, 181 Fed. Appx. 969, 971 (11th Cir. 2006) (while three qualifying offenses must be temporally distinct, separate indictments not required); United States v. Green, 967 F.2d 459, 461 (10th Cir. 1992) (Section 924(e)(1) does not require that offenses be separated by intervening conviction).

        B.        Procedure For Establishing Prior Convictions

Defendant argues that counsel should have objected at sentencing because in determining his prior convictions under the ACCA, the Court did not follow the procedure under Shepard v. United States, 544 U.S. 13 (2005) and Begay v. United States, 553 U.S. 137 (2008). In particular, defendant asserts that the Court should have examined the underlying judicial records in D. Kan. Case No. 01-20055-01-CM which show that the two offenses were "charged simultaneously, in the same charging indictment, under a single docket number." Doc. #37 at 12. As explained above, the ACCA only requires that defendant committed the offenses "on occasions different from one another." 18 U.S.C. § 924(e)(1). Because the indictment in D. Kan. Case No. 01-20055-01-CM indicates that defendant committed the crime of distribution of cocaine base on November 10, 2000 and then again on November 14, 2000, any objection that the offenses were not "different" would have been without

---

[7] At sentencing, defense counsel suggested that both he and defendant initially questioned whether the two offenses were separate because they were charged in a single indictment, but that after researching Tenth Circuit law, he determined that he had no logical basis to object on those grounds. Later at sentencing, defendant stated that he could not understand why he was a career offender because he had not killed anyone.

-8-

merit. Counsel's failure to ask the Court to examine the underlying judicial records in D. Kan. Case No. 01-20055-01-CM was not deficient or prejudicial.

For these reasons, the Court overrules defendant's claim that counsel was ineffective because he did not object to the Court's calculation of a 15-year mandatory minimum prison term under the ACCA.[8]

**IT IS THEREFORE ORDERED that an evidentiary hearing on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #36) filed April 15, 2011 will be held on March 6, 2012 at 8:30 a.m. The hearing will be limited to defendant's claim that counsel was ineffective because he did not file an appeal after defendant asked him to do so. The Court directs the Clerk to appoint counsel to represent defendant at the evidentiary hearing.**

**IT IS FURTHER ORDERED** that <u>Petitioner(s) Request Under Civil Rules Of Procedure Rule 15(c) To Amend His Motion Filed Pursuant To 28 U.S.C. § 2255</u> (Doc. #43) filed December 2, 2011 be and hereby is **OVERRULED**.

Dated this 6th day of February, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[8] As to defendant's claim related to the ACCA, no evidentiary hearing is required. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Kilpatrick</u>, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); <u>United States v. Marr</u>, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); <u>United States v. Barboa</u>, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).