## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 09-20159-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| DERIC A. MALONE, | ) | **No. 11-2216-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,
Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #36) filed April 15, 2011.
On February 6, 2012, the Court overruled defendant's motion on his claim that counsel was
ineffective for failing to object to his status as a career offender under the Armed Career Criminal
Act, 18 U.S.C. § 924(e) ("ACCA"), but ordered an evidentiary hearing on his claim that counsel
failed to file an appeal despite his specific instructions to do so.  <u>See</u> <u>Memorandum And Order</u> (Doc.
#44).  On March 20, 2012, the Court held an evidentiary hearing.  For reasons stated below, the
Court overrules defendant's claim related to counsel's failure to file an appeal and denies a
certificate of appealability.

### Findings Of Fact

Based on the case record and the testimony at the evidentiary hearing, the Court finds the
following facts:

On December 2, 2009, a grand jury returned an indictment which charged defendant with
being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  <u>See</u>
<u>Indictment</u> (Doc. #10).  On February 5, 2010, pursuant to a plea agreement under Rule 11(c)(1)(C),

Fed. R. Crim. P., defendant pled guilty.  See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21).  The agreement proposed a sentence of 188 months in prison and three years of supervised release.  Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 4, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21).[1]  On May 4, 2010, consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 188 months in prison and three years of supervised release.  Michael L. Harris represented defendant.

At the evidentiary hearing on defendant's Section 2255 motion, Harris gave highly credible testimony as to his discussions with defendant about this case and his standard practice when a client asked him to file an appeal despite an appeal waiver.[2]  Throughout the proceedings, defendant questioned whether he had three qualifying convictions for purposes of the ACCA.  In particular, defendant thought that his convictions for distribution of cocaine base and for distribution of cocaine, both in D. Kan. Case No. 01-20055-01-CM, should be treated as a single offense because

---

[1]      At the plea hearing and in the plea agreement, defendant acknowledged that based on prior convictions, he faced a statutory minimum of 15 years in prison under 18 U.S.C. § 924(e). See Plea Agreement ¶ 1.  The parties based the proposed sentence on their estimate that defendant faced a guideline range of 188 to 235 months in prison.

[2]      The Court acknowledges that Harris did not have a perfect recollection of the relevant dates or the timing of the sentencing on defendant's supervised release violation in D. Kan. Case No. 01-20055-01-CM.  Even so, his testimony on the relevant issues here was credible.  In contrast, defendant's testimony on these same issues was questionable.  Defendant stated that he learned at some point that counsel had not filed an appeal, but he did not explain precisely when he learned of this fact or if it was within the 30-day deadline to file a motion for extension of time to file an appeal.  Some 11 months after the Court sentenced defendant, defendant claimed for the first time that he asked counsel to file an appeal.  Although defendant's claim is timely under Section 2255, the delay in raising such a claim appears suspect in this case.  In addition, at the hearing, defendant quickly dismissed certain undisputed facts or claimed that he did not understand them.  For example, defendant claimed that he did not remember the waiver of appeal, but that if the plea agreement had such a waiver, he did not understand it.  At the change of plea hearing, the Court thoroughly explained that if it imposed a sentence of 188 months consistent with the plea agreement, defendant would have nothing to appeal because he had basically given up all of his rights to appeal.

they were charged in a single indictment.[3]

Early on in the case, before defendant entered a plea, he asked counsel why the two convictions in Case No. 01-20055-01-CM were not considered a single offense under the ACCA. Counsel repeatedly explained to defendant that because the two convictions in Case No. 01-20055-01-CM involved separate criminal transactions, each conviction counted separately for purposes of the ACCA. Harris explained to defendant that he was probably confusing what is considered a single offense under U.S.S.G. § 4A1.2 and what is considered a distinct offense under the ACCA.[4] After counsel explained to defendant the facts of United States v. Tisdale, 921 F.2d 1095, 1098-99 (10th Cir. 1990) (holding that defendant had three distinct convictions for purposes of ACCA because although defendant entered one shopping mall, he had to physically break and enter three separate structures), defendant accepted that under Tenth Circuit law, his classification as a career

---

[3]     The ACCA provides in part that a person who has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Defendant concedes that his conviction for aggravated assault in 1996 counts as a previous conviction for a violent felony under Section 924(e)(1). See PSIR (Doc. #25) ¶ 37.

[4]     Similarly, in the briefing on defendant's Section 2255 motion, defendant cited a number of cases for the proposition that consolidated offenses based upon the same scheme or plan are not counted separately for sentencing purposes. Doc. #37 at 8. These cases address whether prior related offenses constitute a single offense for purposes of calculating criminal history under U.S.S.G. § 4A1.2 and applying the career offender enhancement under U.S.S.G. § 4B1.1. See United States v. Hayes, 532 F.3d 349, 353 (5th Cir. 2008); United States v. Morales, No. 05-51362, 2007 WL 1847134, at *3 (5th Cir. June 26, 2007); United States v. Mohammed, 150 Fed. Appx. 887, 891 (10th Cir. 2005); United States v. Huskey, 137 F.3d 283, 285-88 (5th Cir. 1998); United States v. Alberty, 40 F.3d 1132, 1134-35 (10th Cir. 1994), cert. denied, 514 U.S. 1043 (1995). The cases cited by defendant do not address the counting of offenses under the ACCA.

offender was correct.[5]   Shortly thereafter, defendant agreed to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., with a recommended sentence of 188 months.

Before the change of plea hearing, Harris visited defendant and explained line by line both the plea petition and plea agreement.  At some point while counsel was explaining the plea agreement, defendant again questioned how he could be considered a career offender under the ACCA and about a possible appeal on that issue.  Counsel again explained to defendant that his two convictions in Case No. 01-20055-01-CM constituted separate convictions for purposes of the ACCA.  Counsel further explained that an appeal would be barred under the proposed plea agreement, but that to the extent defendant wanted to raise the issue, he could file a Section 2255 motion within one year of judgment and allege that counsel was ineffective in advising him to enter a plea as a career offender when in fact he did not qualify for career status under the ACCA.[6]  After defendant pled guilty, defendant never again talked to Harris about an appeal.

---

[5]      The ACCA only requires that defendant committed the offenses "on occasions different from one another." 18 U.S.C. § 924(e)(1).  Two convictions are distinct if they "arise from separate criminal transactions."  United States v. Michel, 446 F.3d 1122, 1134 (10th Cir. 2006) (quoting Tisdale, 921 F.2d at 1098).  In particular, multiple offenses must be "distinct in time" to be considered separate convictions under the ACCA. United States v. Riggs, 302 Fed. Appx. 805, 809-10 (10th Cir. 2008) (quoting Tisdale, 921 F.2d at 1098-99).  The fact that the prior convictions are part of the same indictment is immaterial.  See Riggs, 302 Fed. Appx. at 810 (undisputed findings of PSR show that two prior robbery convictions were separate under ACCA in part because offenses took place on different days); United States v. Hampton, 295 Fed. Appx. 855, 855-56 (8th Cir. 2008) (statute requires only three prior felonies committed on occasions different from one another, whether defendant pled guilty to offenses on same day is immaterial); United States v. Brown, 181 Fed. Appx. 969, 971 (11th Cir. 2006) (while three qualifying offenses must be temporally distinct, separate indictments not required); United States v. Green, 967 F.2d 459, 461 (10th Cir.) (Section 924(e)(1) does not require that offenses be separated by intervening conviction), cert. denied, 506 U.S. 963 (1992).

[6]      Harris advised defendant that such a claim likely would be unsuccessful, but that if he truly thought that counsel was incorrect as to his status as a career offender, he could raise the issue in a Section 2255 motion.

Before sentencing, defendant filed a pro se objection to the presentence investigation report. See Doc. #24. In part, defendant argued that his two convictions in Case No. 01-20055-01-CM were a single offense because they were charged in one indictment under the same common scheme. At sentencing, defense counsel suggested that both he and defendant initially questioned whether the two offenses were separate because they were charged in a single indictment, but that after researching Tenth Circuit law, counsel determined that defendant had no logical basis to object on those grounds. Later at sentencing, defendant stated that he could not understand why he was an armed career offender because he had not killed anyone. At the conclusion of sentencing, Harris announced that in light of the Court's sentence, defendant did not have any issues to appeal.

The Court finds that defendant never asked Harris to file an appeal and that if defendant had done so, Harris would have filed an appeal on his behalf.[7]

## **Analysis**

Defendant claims that counsel was ineffective because he did not file an appeal after defendant asked him to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel must file a timely notice of appeal. If counsel believes after conscientious examination that an

---

[7]     Harris explained further that if a defendant had asked him to appeal in light of an appeal waiver, he would have personally met with the client and explained that in light of the waiver in the plea agreement, he did not have a viable appeal. Harris testified that if such a defendant nevertheless asked him to file an appeal, he would have done so. Indeed, Harris testified that on some 24 occasions in the past 12 years, he has filed an appeal because his client had asked him to do so despite a waiver in the plea agreement. Here, the Court has no reason to question that if defendant had asked Harris to file an appeal, he would have done so.

appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under

Anders v. California, 386 U.S. 738 (1967).  As explained above, defendant never asked Harris to

file an appeal.  The Court therefore overrules defendant's claim.

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate

of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).[8]  To satisfy this standard, the movant must demonstrate

that "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v.

Dretke, 542 U.S. 274, 282 (2004)).  For reasons stated above and in the Court's Memorandum And

Order (Doc. #44), the Court finds that defendant has not made a substantial showing of the denial

of a constitutional right.  Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To

Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #36) filed April 15,

2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the

Court's ruling on defendant's motion under 28 U.S.C. § 2255.

---

[8]        The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 22nd day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge