IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 09-20159-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| DERIC A. MALONE, ) | No. 16-2408-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 18, 2010, the Court sentenced defendant to 188 months in prison. On May 23, 2016, the Tenth Circuit granted defendant leave to file a second or successive motion under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). See Order (Doc. #64). This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #65) filed June 13, 2016. For reasons stated below, the Court overrules in part and dismisses in part defendant's motion and denies a certificate of appealability.

**Factual Background**

On December 2, 2009, a grand jury charged Deric Malone with one count of being a felon in possession of a firearm. See Indictment (Doc. #10). In particular, the indictment charged that defendant had "been convicted in 2001, case number 01CR20055, for three counts of Distribution of Cocaine, Managing and Controlling a Building for Purposes of Distributing Narcotics and Felon in Possession of a Firearm, in United States District Court for the District of Kansas." Id.

On February 5, 2010, pursuant to a plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty. In light of various factors including defendant's status as a career criminal

under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), with a 15-year mandatory minimum prison term, the agreement proposed a sentence of 188 months in prison.[1] Plea Agreement Pursuant To Fed. R. Civ. P. 11(c)(1)(C) (Doc. #21) ¶ 4. Michael Harris, who represented defendant through sentencing, testified about defendant's understanding of the ACCA enhancement as follows:[2]

> A. (Mr. Harris): I was concerned about Deric's status as being eligible for the enhancement under [18 U.S.C. §] 924(e) when I read the bond report. . . . I believe that Deric had a Wyandotte County conviction that predated the federal conviction, and if my memory is correct, it was for an aggravated assault.
>
> And then the one that Deric had the most difficulty understanding was the prior federal conviction, . . . and there was a plea. One of the pleas was to a distribution of cocaine. I believe that one was actually crack cocaine. Then there was a possession with intent to distribute cocaine and I believe that that was cocaine hydrochloride. I don't think that was crack cocaine. And then there was a plea to maintaining a residence with purposes of engaging in drug trafficking activities.
>
> Q. (AUSA): There was actually one count of distribution of crack cocaine, one count of distribution of cocaine, one count of possession with intent to distribute cocaine.
>
> A. Okay.
>
> Q. Those two counts, the distribution and the possession with intent were on the same date alleged. And then managing a residence for the purpose of distributing would have been a fourth conviction.
>
> A. Okay. There were four. . . . But because of the definitions in 924(e) that require three prior convictions for either crimes of violence or serious drug offenses and serious drug offenses are defined as any federal and state conviction punishable by term of imprisonment of ten years or more. The thing that a lot of people miss on the

---

[1] Ordinarily, the maximum sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), is 10 years in prison. See 18 U.S.C. § 924(a)(2). Under the ACCA, if a defendant has three or more prior convictions for a violent felony or serious drug offense, the statutory minimum term in prison increases to 15 years. See 18 U.S.C. § 924(e).

[2] Harris testified at the hearing on defendant's first Section 2255 motion.

-2-

924(e) issues is the definition of what constitutes an individual predicate conviction. It's different than the related case doctrine that applies under [U.S.S.G. §] 4A1.2.
\* \* \* \*

And 4A1.2 under the related case doctrine, if you are -- if you have multiple convictions and all occur at the same time in the same charging document, they count as one unless events are separated by an intervening arrest which wasn't the case here.

But under 924(e)'s definition, they just have to be individual, discrete as opposed to the criminal conduct. And I had multiple phone conversations and trips to CCA prior to entering the plea with Deric because he would call me and tell me to look at 4A1.2 that these were all one case, sentences imposed the same day, imposed concurrently, and I kept telling Deric, I said, your problem is not the guidelines, it's not 4A1.2. Your problem is the definition of your 924(e).

I made a copy of the case, the leading -- the early Tenth Circuit cases, the name of the defendant escapes me at this point in time, but the facts involved the person charged in 922(g) with three part burglary convictions. The burglary convictions arose out of a single episode in which the individual broke into a shopping mall and while inside the shopping mall broke into one store and then broke into another store. He may have broken into other ones, but he plead to three burglaries, but the Tenth Circuit said those were three discrete criminal episodes. He could have stopped after the first one, he could have stopped after the second one, he didn't have had to do the third one, so those were discrete independent episodes of criminal conduct and therefore they counted as three prior burglaries convictions making him eligible for the 924(e) enhancement.

And I talked with Deric about the distribution on one day and I think there was another distribution maybe a day or two later. And then there was possession with intent to distribute on the same day. I think that was the result of a search warrant being executed following the sales. And then maintaining the residence spanned that whole period of time. It was kind of -- the case was kind of a classic one where you made a series of buys and got a search warrant. If I remember correctly, there were search warrants executed, I think two or three different residences, on the day in question, but I'm not for sure on that. But I told Deric those were discrete episodes of criminal behavior that are going to count independently for 924(e) purposes.

So I finally got him convinced that I was legally correct and his view of (4)(a) was really irrelevant. And I told him, I said, you have two options: We can plead this open and your guideline range is going to be 188 to 235. We have a mandatory 180. We can try to get less than 188, but then we have to deal with the supervised release

> violation in front of Judge Murguia. And the chances are very good if the government's not on board with a concurrent sentence on that, it's going to be the same. And I wasn't -- quite frankly, I wasn't entirely sure that Judge Vratil would look at this case as a low end guideline case anyway. \*\*\*\*
>
> Q.   And so going back to kind of my original question, your professional opinion was that the 924(e) classification was a correct classification based upon your review of his criminal history?
>
> A.   Absolutely. . . . Deric is 924(e) qualified. I think he has five that qualify.

Transcript Of Motion Hearing: March 20, 2012 (Doc. #56) at 25-32.

On May 18, 2010, the Court sentenced defendant to 188 months in prison.[3] Defendant did not appeal. On April 15, 2011, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. See Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #36). Defendant asserted that his conviction should be vacated because Harris was ineffective in that (1) he did not file an appeal after defendant asked him to do so and (2) he did not object to the Court's calculation of a 15-year mandatory minimum prison term under the ACCA. See id. On March 22, 2012, after an evidentiary hearing on defendant's claim that counsel failed to file an appeal, the Court overruled defendant's motion. See Memorandum And Order (Doc. #49).

On May 23, 2016, the Tenth Circuit granted defendant leave to file a second or successive

---

[3]   At sentencing, the Court found a base offense level of 33 because defendant committed an offense under 18 U.S.C. § 924(e) and he was an armed career criminal within the meaning of Section 4B1.4 of the Guidelines. U.S.S.G. § 4B1.4; see Presentence Investigation Report (Doc. #25) filed April 23, 2010, ¶ 25. The Court subtracted three levels because defendant timely accepted responsibility. U.S.S.G. § 3E1.1. Defendant's total offense level was 30, with a criminal history category VI, which resulted in a guideline range of 151 to 188 months. See Presentence Investigation Report (Doc. #25) ¶ 104. After the Court applied the statutory minimum of 180 months, the resulting guideline range was 180 to 188 months.

motion under 28 U.S.C. § 2255 based on Johnson v. United States, 135 S. Ct. 2551 (2015). See Order (Doc. #64). On June 13, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant argues that he is entitled to relief under Johnson. In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the ACCA is unconstitutional under the void-for-vagueness doctrine.[4] 135 S. Ct. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016). Defendant argues that (1) based on the reasoning in Johnson, his aggravated assault conviction no longer is a qualifying conviction for purposes of the 15-year statutory minimum under the ACCA and (2) before enhancing his sentence under the ACCA, the Court did not review the underlying documentation of defendant's prior convictions.

**I.     Qualifying Convictions Under ACCA, 18 U.S.C. § 924(e)**

Under the ACCA, the Court must impose a sentence of at least 15 years in prison if a

---

[4] Under the ACCA, in addition to certain enumerated crimes and crimes which contain specific elements, the definition of "violent felony" includes a residual clause which covers any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Likewise, the definition of a "crime of violence" under Section 924(c) includes a similar residual clause for a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Although the two clauses are similar, Johnson only addressed the validity of the residual clause in Section 924(e)(2)(B)(ii).

defendant has "three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A "serious drug offense" includes "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). At defendant's change of plea hearing, the Court and the parties referenced only defendant's convictions in D. Kan. No. 01-20055-01-CM which were included in the indictment. In particular, in D. Kan. No. 01-20055-01-CM, defendant pled guilty to (1) distribution of cocaine base on November 10, 2000, (2) distribution of cocaine on November 14, 2000, (3) possession with intent to distribute cocaine on November 14, 2000 and (4) managing a residence for the purpose of manufacturing, storing and distributing a controlled substance between November 7 and November 14, 2000. See Presentence Investigation Report (Doc. #25) ¶ 46. Each of the four drug offenses from the prior case satisfied the statutory definition of a "serious drug offense" under Section 924(e). Accordingly, the Court properly applied the enhanced statutory minimum under the ACCA and accepted defendant's plea under Rule 11(c)(1)(C) to 188 months in prison.

Defendant argues that based on the reasoning in Johnson, this Court improperly relied on his aggravated assault conviction as a qualifying conviction under the ACCA. While the presentence investigation report refers to defendant's aggravated assault conviction to support his classification as a career offender under the Guidelines, see Presentence Investigation Report (Doc. #25) ¶ 55, the record does not indicate whether the Court relied on this conviction to support his classification as a career offender under the ACCA. Even if the Court had relied on the aggravated assault conviction as a fifth qualifying conviction under the ACCA and assuming that Johnson precludes such reliance, defendant is not entitled to relief because he also had four serious drug offenses for

purposes of the ACCA.

Defendant argues that the government cannot rely on his prior drug convictions to reach the requisite number of convictions under the ACCA because the government did not rely on them at the original sentencing hearing. Mr. Malone's Reply To The Government's Response To His 28 U.S.C. § 2255 Motion (Doc. #73) at 2-4. Defendant cites no support for his claim that the government changed theories. From the record (including counsel's explanation of the ACCA to defendant), the Court found that defendant qualified as a career offender based on his drug convictions from D. Kan. Case No. 01-20055-01-CM. The indictment included only the prior drug convictions, not the aggravated assault conviction.[5] Moreover, at the start of sentencing and in response to defendant's pro se sentencing objection, the Court asked counsel the basis of the objection. Harris, an extremely experienced and capable criminal defense attorney, explained that defendant believed the four convictions in D. Kan. Case No. 01-20055-01-CM should count as a single offense under the ACCA because they were included in the same indictment and his sentence on the four offenses was on the same day. Mr. Harris stated that he gave defendant copies of the relevant cases and explained to him that they had no legal basis to object to his status as a career offender under the ACCA.

In sum, Johnson does not potentially impact defendant's four prior serious drug offenses which adequately support his classification as a career offender under the ACCA. Accordingly, the

---

[5] At the change of plea hearing, the Court reviewed with defendant the fact alleged in Count 1 of the Indictment that defendant had been convicted in D. Kan. Case No. No. 01-20055-CM of three counts of drug distribution and one count of maintaining a place for the purpose of manufacturing, storing and distributing a controlled substance. Because the indictment did not refer to defendant's aggravated assault conviction, the Court did not address that conviction at the change of plea hearing.

Court overrules defendant's claim under Johnson.

## II.     Underlying Documentation Related To Prior Drug Offenses

Defendant argues that before enhancing his sentence under the ACCA, the Court failed to review the underlying documentation of his prior convictions. Motion Under 28 U.S.C. § 2255 (Doc. #65) at 6. Defendant apparently claims that the Court should have reviewed the underlying criminal conviction documents as set forth in Shepard v. United States, 544 U.S. 13 (2005), to determine whether the convictions were "serious drug offenses" under the ACCA. The Tenth Circuit only permitted defendant to file a second or successive Section 2255 motion as to "a claim based on Johnson v. United States." Order (Doc. #64) at 2. Defendant's claim under Shepard is beyond the scope of the Tenth Circuit order. Accordingly, the Court cannot consider the claim in connection with defendant's successive motion under Johnson. Out of an abundance of caution, however, the Court considers the claim as an unauthorized second or successive Section 2255 motion.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision,

the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claim does not satisfy the authorization standards for a successive Section 2255 motion, the Court overrules the claim rather than transferring it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

Here, defendant apparently relies on the Supreme Court decision in Shepard from 2005. Defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable. Accordingly, the Court dismisses defendant's second claim in his motion and declines to transfer that portion of the motion

to the Court of Appeals for processing.[6]

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate

---

[6] Defendant's claim also lacks substantive merit. Under Rule 32, Fed. R. Crim P., the Court properly relied on the undisputed portion of the presentence report as to the nature of defendant's convictions in D. Kan. No. 01-20055-01-CM. See Fed. R. Crim. P. 32(i)(3)(A) (court may accept any undisputed portion of presentence report as finding of fact); United States v. Turner, 624 F. App'x 624, 627 (10th Cir. 2015) (undisputed facts in PSR established appropriateness of characterizing all four convictions as "serious drug offenses" under ACCA); United States v. Harris, 447 F.3d 1300, 1306 (10th Cir. 2006) (Rule 32 requires defendant to affirmatively point out any fact in PSR that he contends is inaccurate).

[7] The denial of a Section 2255 motion is not appealable unless a circuit justice or a
(continued...)

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #65) filed June 13, 2016 is **OVERRULED in part and DISMISSED in part. The Court overrules defendant's claim under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court dismisses defendant's claim that the Court failed to review the underlying documentation of defendant's prior convictions before enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 21st day of December, 2016 at Kansas City, Kansas.

           s/ Kathryn H. Vratil
           KATHRYN H. VRATIL
           United States District Judge

---

[7](...continued)
circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).