### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | **CRIMINAL ACTION** |
| v.    ) | |
| ) | **No. 09-20159-01-KHV** |
| **DERIC A. MALONE,**    ) | |
| ) | |
| **Defendant.**    ) | |
| ) | |

## MEMORANDUM AND ORDER

On May 18, 2010, the Court sentenced defendant to 188 months in prison. On August 6, 2020, defendant filed a [Motion For] Order Granting Compassionate Release (Doc. #76), which seeks release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. On August 18, 2020, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender ("FPD") notified the Court that it does not intend to enter an appearance to represent defendant. This matter is before the Court on defendant's Motion For Appointment Of Counsel (Doc. #79) filed August 31, 2020. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to appoint counsel to assist him with his compassionate release motion. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. See Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to § 3582(c)(2) motion). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual

issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. On the limited record, the Court cannot determine the merit of defendant's request for compassionate release. Even so, it notes that while some 73 inmates at FCI Greenville have tested positive for COVID-19, the FPD has declined to represent defendant or seek appointed counsel on his behalf. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed Sept. 8, 2020). Defendant's claim for compassionate release is not particularly complex factually or legally. Finally, defendant appears able to adequately present his claim. For these reasons, the Court overrules defendant's motion to appoint counsel.

On September 1, 2020, the government filed its response to defendant's motion for compassionate release. See Government's Response To Defendant's Motion For Compassionate Release (Doc. #80). On or before September 30, 2020, defendant may file a reply in support of his [Motion For] Order Granting Compassionate Release (Doc. #76).

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #79) filed August 31, 2020 is **OVERRULED**.

**IT IS FURTHER ORDERED that on or before September 30, 2020, defendant may file a reply in support of his [Motion For] Order Granting Compassionate Release (Doc. #76).**

Dated this 8th day of September, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
