# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| )   **CRIMINAL ACTION** | |
| v.   ) | |
| )   **No. 09-20159-01-KHV** | |
| DERIC A. MALONE,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

## MEMORANDUM AND ORDER

On May 18, 2010, the Court sentenced defendant to 188 months in prison.   On August 6, 2020, defendant filed a [Motion For] Order Granting Compassionate Release (Doc. #76), which seeks release based on the Coronavirus Disease-2019 ("COVID-19") pandemic.   On August 18, 2020, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender ("FPD") notified the Court that it does not intend to enter an appearance to represent defendant.   For reasons stated below, the Court dismisses defendant's motion.

## Factual Background

On December 2, 2009, a grand jury charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   See Indictment (Doc. #10).   On February 5, 2010, under Rule 11(c)(1)(C), Fed. R. Crim. P., defendant pled guilty under a plea agreement which proposed a sentence of 188 months in prison and three years of supervised release.   See Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) ¶ 4, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #21).   Under the plea agreement, the government also agreed to recommend a concurrent sentence for defendant's violation of supervised release in a separate case, D. Kan. No. 01-20055-01-CM.   See id., ¶ 6.   On

February 8, 2010, for violation of the terms defendant's supervised release, defendant received a sentence of 24 months in prison to run concurrent to his sentence to be imposed in this case.   See Judgment In A Criminal Case (Doc. #26) filed in D. Kan. No. 01-20055-01-CM, at 2.   On May 18, 2010, consistent with the recommended sentence in the plea agreement, the Court sentenced defendant to 188 months in prison to run concurrent with the sentence for the supervised release violation.   See Judgment In A Criminal Case (Doc. #28) at 2.

Defendant currently is confined at FCI Greenville, a Bureau of Prisons ("BOP") facility in Greenville, Illinois.   FCI Greenville houses 992 inmates.   See BOP, FCI Greenville, https://www.bop.gov/locations/institutions/gre (last visited Sept. 22, 2020).   As of September 22, 2020, 76 inmates and 24 staff members at FCI Greenville had tested positive for COVID-19. See BOP, COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Sept. 22, 2020).   Seventy-four of the 76 inmates and 18 of the 24 staff members who tested positive have recovered.   See id.   Of 395 completed tests for COVID-19 at FCI Greenville, 80 were positive.[1]   See id.

Defendant is 48 years old.   He states that because of his age, his medical and mental health conditions and the conditions at FCI Greenville, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it.   While defendant has not asserted specific medical or mental health conditions, BOP records reflect that he has hypertension and Type 2 diabetes.   See BOP Health Services Clinical Encounter (Aug. 11, 2020) (Doc. #80-3) at 1–3.   With good time credit, defendant's projected release date is May 3, 2023.   Defendant asks the Court to release him because of the high risk that he may contract COVID-19 and develop severe illness.

---

[1]        The same inmate may have tested positive on multiple occasions.   See id.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Defendant seeks compassionate release under Section 3582(c)(1)(A) based on the COVID-19 pandemic.

Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).   The Court may entertain requests for compassionate release only upon a motion of the BOP, however, or of defendant after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).

Here, on June 28, 2020, defendant submitted his request for compassionate release and the warden has not responded.   Accordingly, defendant has satisfied the exhaustion prerequisite to filing a motion for compassionate release.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and

compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied."   United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories.   United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).[2]   In addition, the

---

²   Application Note 1 provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)   Medical Condition of the Defendant.—
(i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).   A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.   Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)   The defendant is—
(I)   suffering from a serious physical or medical condition,
(II)   suffering from a serious functional or cognitive impairment, or

(continued . . .)

-4-

policy statement requires that before granting relief, the Court must find that defendant "is not a danger to the safety of any other person or to the community."   U.S.S.G. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).   In December of 2018, the First Step Act amended Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission's policy statement, which was effective November 1, 2018, nonetheless remains the relevant policy statement in determining whether "extraordinary and compelling reasons" warrant defendant's release.   See Saldana, 807 F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under Section 3582(c)(1)(A)).   Unless

---

[2](. . . continued)

      (III)   experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)   Family Circumstances.
      (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
      (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1 (Nov. 1, 2018).

-5-

the grounds for resentencing fall within one of the specific categories that Congress has authorized under Section 3582(c), the Court lacks jurisdiction to consider defendant's request.  See id.; United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).

Here, defendant seeks compassionate release based on his age, health conditions and the risk that he may contract COVID-19.  The government concedes that a medical condition that elevates an inmate's risk of becoming seriously ill if he contracts COVID-19 may constitute an extraordinary and compelling reason for release.  See Government's Response To Defendant's Motion For Compassionate Release (Doc. #80) filed September 1, 2020 at 12.  The government maintains that medical conditions such as hypertension and diabetes during the COVID-19 pandemic satisfy the criteria under subsection (A) of the Section 1B1.13 commentary, i.e. a chronic condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Id. (quoting U.S.S.G. § 1B1.13, cmt. n.1(A)).  Here, subsection (A) does not apply because unless and until defendant contracts COVID-19, his medical conditions do not limit his ability to provide self-care within the prison environment.  Subsections (B) and (C) also do not apply.[3]  Accordingly, for defendant to establish extraordinary and compelling reasons for release based on his medical condition and the risk of contracting COVID-19, he must rely on the catchall provision of subsection (D).

---

[3]     Subsection (B) does not apply because defendant is 48 years old.  See U.S.S.G. § 1B1.13, cmt. n.1(B) (defendant must be at least 65 years old to qualify for relief based on age). Subsection (C) does not apply because defendant seeks relief based on his own circumstances, not family circumstances.  See U.S.S.G. § 1B1.13, cmt. n.1(C) (relief based on death or incapacitation of caregiver of minor child or incapacitation of spouse where defendant would be only available caregiver).

Under subsection (D) of the Section 1B1.13 commentary, as determined by the Director of the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves or in combination with defendant's medical condition, age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(D).   To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).   Where the BOP Program statement is a "permissible construction of the statute," it is entitled to "some deference."   Id. (quoting Reno v. Koray, 515 U.S. 50, 61 (1995)).

As explained above, the First Step Act permits defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission, however, which has lacked a quorum since the First Step Act was enacted in December of 2018, has not amended the Section 1B1.13 commentary which includes the catchall provision for other extraordinary and compelling reasons "[a]s determined by the Director of the BOP."   U.S.S.G. § 1B1.13, cmt. n.1(D).   In an unpublished decision, the Tenth Circuit implicitly recognized that in addition to the BOP, courts now can make such a determination.   See Saldana, 807 F. App'x at 819–20.

In Saldana, defendant argued that in determining whether he had established other compelling reasons under the catchall provision of subsection (D), the district court should have considered (1) his post-conviction rehabilitation efforts and (2) post-sentencing case law that would have lowered his sentencing range.   See id.   In rejecting defendant's argument, the Tenth

Circuit noted first that the district court considered defendant's post-conviction rehabilitation as a factor, but properly concluded, consistent with 28 U.S.C. § 994, that rehabilitation alone is not an extraordinary and compelling reason for relief.  Id. at 820.   Next, the Tenth Circuit held that the district court lacked jurisdiction to reduce defendant's sentence based on post-sentencing developments in case law because the Section 1B1.13 commentary and BOP Program Statement 5050.50 did not identify a change in law as an "extraordinary and compelling reason" for relief.  Id.[4]  Notably, in affirming the district court's decision to deny defendant's request for a reduced sentence under the catchall provision of subsection (D), the Tenth Circuit implicitly assumed that the district court, rather than the BOP exclusively (as the commentary suggests), can determine whether a defendant has established "other" extraordinary and compelling reasons under the catchall provision.   The Court therefore concludes that on a defense motion, it may— independently of the BOP—determine whether defendant has established "other" extraordinary and compelling reasons that warrant a reduced sentence beyond those stated in subsections (A) to (C) of the Section 1B1.13 commentary.   U.S.S.G. § 1B1.13, cmt. n.1(D); see United States v. Israel, No. 95-00314-CR, 2020 WL 4362258, at *4 (S.D. Fla. July 29, 2020) (overwhelming majority of courts conclude that after First Step Act, courts may independently determine whether "other" extraordinary and compelling reasons warrant release); see also 28 U.S.C. § 994(t) (Sentencing Commission shall describe what should be considered extraordinary and compelling reasons including criteria to apply and list of specific "examples").   But cf. United States v.

---

[4]       After the Court has determined that a defendant has shown an extraordinary and compelling reason for a reduced sentence, it may consider post-sentencing developments in case law as part of the balancing of the sentencing factors under 18 U.S.C. § 3553(a).  See United States v. Walker, No. 06-CR-00320-LTB, 2020 WL 5100250, at *4 (D. Colo. Aug. 21, 2020).

Garcia, No. 4:05-cr-40098, 2020 WL 2039227, at *5 (C.D. Ill. Apr. 28, 2020) (First Step Act did not override policy statement because definition of "extraordinary and compelling reasons" does not directly conflict with text of First Step Act).

As noted above, BOP Program Statement 5050.50 identifies several "nonexclusive" factors for the Court to consider in determining whether "other" extraordinary and compelling reasons warrant a reduced sentence.   See Saldana, 807 F. App'x at 819.   The BOP program statement mentions age, but it does not mention a defendant's medical or mental health condition.   These conditions, however, arguably are encompassed in defendant's "personal history."   Id. (citing Program Statement 5050.50).   In any event, the factors are nonexclusive and the catchall provision of subsection (D) encompasses those cases that do not satisfy the specific medical conditions listed in subsection (A) of the commentary.   The Court therefore can consider whether defendant's age and health conditions—combined with the risk of contracting COVID-19 at FCI Greenville—constitute "other" extraordinary and compelling reasons for a reduced sentence.   See United States v. Campanella, No. 18-CR-00328-PAB-12, 2020 WL 4754041, at *2 (D. Colo. Aug. 17, 2020) (because list of factors in Program Statement 5050.50 is "nonexclusive," court will consider whether defendant's medical condition is extraordinary and compelling reason for sentence reduction); United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at *6 (S.D. Iowa Apr. 29, 2020) (in addressing defense motion for compassionate release, district court can consider anything, or at least anything BOP could have considered); see also United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020) (compassionate release provision gives inmates option to seek release on health grounds).

Here, defendant seeks release because of his age, health conditions and the conditions at

FCI Greenville.   In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."   United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).   "Compelling" means "tending to convince . . . by forcefulness of evidence." Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)). Defendant's age, his health conditions and the present conditions at FCI Greenville do not compel a finding that release is warranted.   FCI Greenville had a COVID-19 outbreak in August, but presently only two inmates have not recovered.   Defendant has not shown that compared to home confinement or other community placement, he faces a heightened or imminent risk of exposure to COVID-19 at FCI Greenville.   See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).   Likewise, defendant has not established that any of the nonexclusive factors in BOP Program Statement 5050.50 compel his release.   COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters. Even so, the risk that COVID-19 may re-emerge at FCI Greenville cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."   United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Even if defendant's age, his health conditions, the conditions at FCI Greenville and the COVID-19 pandemic were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553.   A sentence below 188 months is inconsistent with the seriousness of defendant's offense, the need for

deterrence and the need to protect the public.   In particular, defendant pled guilty to being a felon in possession of a firearm, subject to a mandatory minimum of 180 months because he had three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another."   18 U.S.C. § 924(e)(1); see Presentence Investigation Report (Doc. #25) filed April 23, 2010, ¶ 103.   As part of the offense, defendant discharged a handgun more than once inside a residence where his son and girlfriend were also present.   Id., ¶¶ 9–10. Defendant reported that he had experienced hallucinations that night and apparently claimed that someone was present and shooting at him.   Id., ¶ 15.   Even so, the presentence investigation report did not indicate that he had any mental or emotional health issues.   Id., ¶ 95 (no current issues or history of mental health issues reported).   Likewise, defendant has not shown that he presently suffers from any mental health condition.   In addition to the offense conduct, defendant has a significant criminal history including convictions for carrying a weapon, aggravated assault, drug trafficking offenses and being a felon in possession of a firearm.   Id., ¶¶ 30, 37–38, 46. Defendant served 92 months in prison on the drug trafficking and felon in possession of a firearm offenses.   See D. Kan. No. 01-20055-01-CM.   While on supervised release in that case, he committed the offense in this case.   In light of defendant's offense conduct and criminal history, defendant has failed to show that he is not a danger to the community.

The Court also notes that defendant pled guilty under a Rule 11(c)(1)(C) plea agreement. By doing so, even though the Guidelines in the supervised release case recommended a consecutive sentence to the one in this case, the government agreed to recommend a concurrent sentence.   This agreement effectively resulted in an operative sentence in the two cases that was 24 months less than what the Guidelines recommend.   In addition, in this case, defendant received

the low end of the Guidelines range of 188 to 235 months that would have applied had defendant entered an open plea.   See Transcript Of Hearing On Section 2255 Motion (Doc. #56) filed June 26, 2012 at 30–31 (counsel recommended Rule 11(c)(1)(C) plea because uncertain whether sentencing court would ultimately apply mid or upper portion of sentencing range and Guidelines recommended consecutive sentence in supervised release case).

The Court recognizes that defendant has served a substantial portion of his sentence and participated in a number of BOP programs.   He apparently has made significant progress toward rehabilitation.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant's age, medical conditions, the conditions at FCI Greenville and the ongoing COVID-19 pandemic are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A).   Therefore, the Court dismisses defendant's motion for release for lack of jurisdiction.   See Saldana, 807 F. App'x at 818, 820–21 (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's [Motion For] Order Granting Compassionate Release (Doc. #76) filed August 6, 2020 is **DISMISSED**.

Dated this 24th day of September, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge