IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20159-01-KHV |
| DERIC A. MALONE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

On May 18, 2010, the Court sentenced defendant to 188 months in prison. On September 24, 2020, the Court dismissed defendant's [Motion For] Order Granting Compassionate Release (Doc. #76), which sought release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. See Memorandum And Order (Doc. #83). This matter is before the Court on defendant's letter (Doc. #84) filed November 13, 2020, which the Court construes as a motion to reconsider the ruling on his compassionate release motion. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

The Federal Rules of Criminal Procedure do not expressly provide for a motion to reconsider. Even so, in the criminal context, courts ordinarily apply the same standards that apply in civil cases. See United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A

motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments or to dress up arguments that previously failed. See Christy, 739 F.3d at 539.

**Analysis**

Defendant currently is confined at FCI Greenville, a Bureau of Prisons ("BOP") facility in Greenville, Illinois. Defendant seeks reconsideration of the Court's ruling which overruled his motion that sought compassionate release. The Court dismissed defendant's motion because defendant did not show that his age, his health conditions and the conditions at FCI Greenville constituted extraordinary and compelling reasons for release. See Memorandum And Order (Doc. #83) at 10. In addition, the Court found that even if defendant could establish extraordinary and compelling reasons for release, it would deny relief after considering the various factors under 18 U.S.C. § 3553. See id. at 10–12.

In his motion to reconsider, defendant asserts that several inmates near him recently tested positive for COVID-19 and that he can fight the virus better at home than in BOP custody. See Doc. #84 at 1–2. Defendant also notes that the number of COVID-19 infections at FCI Greenville has increased with more than 100 inmates currently infected. See id. at 2–3. The Court recognizes that since it ruled on defendant's motion for compassionate release, the number of active inmate COVID-19 infections at FCI-Greenville has increased from two to 29. See COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Dec. 2, 2020). Even so, 598 inmates at the facility have recovered and no inmates have died from COVID-19. See id. Defendant also has not asserted that he is infected. For these reasons and substantially the reasons stated in the prior order, defendant has not established extraordinary and compelling reasons for release or that the various factors under 18 U.S.C. § 3553 support release.

Defendant also asserts that he is rehabilitated. See Doc. #84 at 2. As the Court noted in the prior order, consistent with 28 U.S.C. § 994, rehabilitation alone is not an extraordinary and compelling reason for relief. See Memorandum And Order (Doc. #83) at 8. In addition, while the Court recognizes that defendant has made significant progress toward rehabilitation, on balance, the factors under 18 U.S.C. § 3553(a) do not support a reduced sentence. See id. at 12.

In sum, even after the Court considers defendant's "new evidence" related to recent COVID-19 infections, it finds that he has not shown "extraordinary and compelling" reasons for release or that the factors under 18 U.S.C. § 3553 support release. Accordingly, the Court overrules defendant's motion to reconsider the ruling on his compassionate release motion.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #84) filed November 13, 2020, which the Court construes as a motion to reconsider the ruling on his compassionate release motion, is **OVERRULED**.

Dated this 2nd day of December, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge